IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| PAUL WILLIAM NURSE, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | CASE NO. 4:09-CV-5 CDL |
| | : | |
| UNITED STATES ATTORNEY | : | |
| GENERAL, | : | Habeas Corpus Petition |
| | : | 28 U.S.C. § 2241 |
| Respondents. | : | |

## REPORT AND RECOMMENDATION

On January 22, 2009, Petitioner Nurse, who is currently incarcerated in the Stewart Detention Center, filed the current habeas corpus petition pursuant to 28 U.S.C. § 2241. (R-1). On March 27, 2009, Respondents filed a pre-answer Motion to Dismiss and a Memorandum in support of same (R-10), contending that Petitioner's motion is premature. Petitioner was notified of the pending motion to dismiss and filed a Motion for Appointment of Counsel on April 30, 2009 (R-13), and his Response on May 4, 2009. (R-14).

## FINDINGS OF FACT

1. Petitioner is currently detained by the Immigration and Custom Enforcement (ICE) at the Stewart Detention Center in Lumpkin, Georgia. (R-1).

2. On or about January 12, 1987, Petitioner was admitted to the United States as a conditional permanent resident. (R-10-2). In 1989, Petitioner's status was terminated for his failure to file a Petition to Remove the Conditions of Residence form, pursuant to § 216 (c)(2)(A) of the Immigration and Nationality Act. (R-10-3, ¶ 4).

3. On November 17, 1005, Petitioner was convicted of three counts of Possession of a Controlled Substance with the Intent to Distribute, along with a firearm charge the

United States District Court, District of South Carolina, and sentenced to a combined period of confinement of 293 months, which was later reduced to 188 months.[1]

4. On June 24, 2008, Petitioner filed an Application for Naturalization (form N-400). *Id.* at ¶ 6.  That application is still pending. (R-10-2).

5. On December 31, 2008, Petitioner was released to the custody of the United States Citizenship and Immigration Services. *Id.* at ¶ 8.

6. On January 7, 2009, a Notice to Appear was filed in Petitioner's case with the Executive Office of Immigration Review in Atlanta, Georgia. (R-2). The Notice to Appear alleged that Petitioner was subject to removal from the United States because he was an alien convicted of an aggravated felony, a controlled substance violation, and a firearms violation. *Id.* On March 4, 2009, an Order of Removal of Petitioner to Guyana was issued by the Immigration Judge. (R-10-3, ¶ 11).

## LEGAL STANDARD

The standard for a Motion to Dismiss was altered by the United States Supreme Court case of *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007), which overturned the fifty year old test of "no set of facts" established in *Conley v. Gibson*, 127 S. Ct. 1969 (1957). *Twombly*, 127 S. Ct. at 1969.  The Court of Appeals for the Eleventh Circuit addressed the new standard in *Financial Sec. Assur., Inc. v. Stephens, Inc.*, stating:

> In order for a plaintiff to satisfy his "obligation to provide the grounds of entitlement to relief," he must allege more than "labels and conclusions"; his complaint must include "[f]actual allegations [adequate] to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 167 L.Ed. 2d 929 (May 21, 2007) (citations and quotations omitted).  Stated differently, the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief," 127 S.Ct. at 1966-67. Moreover,

---

[1] USDC, District of South Carolina Case Number 3:95-CR-00090.

> "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of the claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir., Unit A Sept. 8, 1981)).

500 F.3d 1276, 1282-83 (11th Cir. 2007). In ruling on a motion to dismiss for failure to state a claim upon which relief may be granted, the analysis "is limited primarily to the face of the complaint and attachments thereto." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1368 (11th Cir. 1997). The Court must "constru[e] the complaint in the light most favorable to the plaintiff and accept [] as true all facts which the plaintiff alleges." *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005). Nevertheless, if a complaint does not include sufficient factual allegations "to raise a right of relief above the speculative level" and "to raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claim or claims, then the complaint must be dismissed. *Watts v. Fla. Int'l Univ,* 495 F.3d 1289, 1295-96 (11th Cir. 2007) (citing *Twombly*, 127 S. Ct. at 1965).

## DISCUSSION

In his Application, the Petitioner argues that he is a "national" and has been wrongfully subjected to removal proceedings by the Department of Homeland Security, Immigration and Custom Enforcement (ICE). (R-1). Petitioner, therefore, requests that his writ of habeas corpus be granted and that he be released. *Id*.

## **Application of the Law**

Petitioner's detention by the INS pending removal from the United States is governed by section 241(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1231(a). Under this provision, the Attorney General is afforded a ninety-day period to accomplish the alien's removal from the United States following the entry of a final order of deportation or removal, or, if the alien is confined, the date the alien is released from confinement.[2]  See INA § 241(a)(1)(A)-(B), 8 U.S.C. § 1231(a)(1)(A)-(B).  During the 90-day period, Congress has mandated detention of the alien ordered removed.  See INA § 241(a)(2), 8 U.S.C. § 1231(a)(2).

Under 8 U.S.C. § 1231(a)(1)(B)(i), Petitioner's ninety (90) day removal period began on March 4, 2009, the date his removal order became administratively final.  Therefore, detention is mandatory until at least June 4, 2009, and Petitioner cannot be afforded any relief.  Furthermore, the Eleventh Circuit in *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002), held that the six-month Zadvydas period "must have expired at the time Akinwale's § 2241 petition was filed in order to state a claim." *Akinwale*, 287 F.3d at 1052. Thus, the petition in this case fails to state a claim upon which relief can be granted and should be dismissed.  As such, Petitioner's pending Motion for Appointment of Counsel

---

[2] 8 U.S.C. § 1231(a)(1)(B) provides:
The removal period begins on the latest of the following:
(i) The date the order of removal becomes administratively final.
(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

should be denied as moot.

WHEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss be GRANTED and Petitioner's Application for writ of habeas corpus be DISMISSED without prejudicing Nurse's right to file a new § 2241 petition in the future if a change in circumstances enable Petitioner to state a claim upon which habeas relief can be granted. Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this RECOMMENDATION with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 15th day of May, 2009.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

eSw